UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMAD JAVAD HAJJAR-NEJAD, | ) |
| Plaintiff, | ) Civil Action No. 10-626 (CKK/JMF) |
| v. | ) |
| THE GEORGE WASHINGTON UNIVERSITY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Discovery in this case has been painful and, although the deadline for discovery has come and gone, there remains a series of motions that must be resolved. I shall address them *seriatim* and in the order filed.

1.  The George Washington University's Motion to Compel, and for an Award of Costs, Including Reasonable Attorneys' Fees, and For Sanctions [#62]

I previously ordered that plaintiff fully respond to the defendant's, The George Washington University's ("GWU"), document requests and interrogatories in my Discovery Order [#65] of March 7, 2012 and put off ruling on the motions for costs sanctions until now.

Initially, plaintiff who proceeds *pro se*, insisted that he be permitted to take all his depositions before GWU be permitted to take its depositions, including plaintiff's and that the depositions be taken in Germantown, Maryland. Upon this Court's intervention, however, the depositions were taken in this courthouse. Accordingly, it appears that this aspect of GWU's motion is moot. I appreciate, however, that GWU seeks fees and costs for plaintiff's failure to attend his own deposition when it was noticed because of his insistence that he be permitted to

take his depositions first. In accordance with Federal Rule of Civil Procedure 37 (d)(3),[1] I must therefore order that plaintiff show cause why he should not be required to pay the reasonable expenses caused by his not appearing at his deposition.

2.   Plaintiff's Request for Relief Notice [#73]

Plaintiff protests that his deposition consumed the full permissible seven hours but the videographer indicated that the deposition had only consumed five and one half hours. The George Washington University's Consolidated Motion for a Protective Order and to Quash Plaintiff's Subpoena Duces Tecum to Jeffrey Akman, M.D., to Compel Plaintiff to Provide Further Deposition Testimony, Sanctioning Plaintiff for Leaving His Deposition Before It Was Over and Opposition to Plaintiff's Request for Relief Notice [#74-10] at 4-5. In the absence of any reason to believe that the videographer was mistaken, GWU correctly points out that it will be entitled to consume the seven hours contemplated by the Rule. Plaintiff's Request for Relief will be denied and his deposition will be allowed continue for another one and one half hours.

3.   The George Washington University's Consolidated Motion for a Protective Order and to Quash Plaintiff's Subpoena Duces Tecum to Jeffrey Akman, M.D., to Compel Plaintiff to Provide Further Deposition Testimony, Sanctioning Plaintiff for Leaving His Deposition Before It Was Over and Opposition to Plaintiff's Request for Relief Notice [#74]

Plaintiff has demanded that GWU produce "any and all documents pertaining to GWU Medical School's probationary status placed by the Liaison Committee on Medical Education (LCME) on or about October 15, 2008 for "reasons seriously compromising the quality of the MD program." [#74] at 4 (quoting Plaintiff's Request for Documents No. 3).

On March 14, 2012, plaintiff delivered a subpoena to Jeffrey Akman, M.D., GWU's

---

[1] All references to the United States Code are to the electronic version in Westlaw or Lexis.

Interim Vice President for Health Affairs and Dean, School of Medicine and Health Services requiring him to produce at his deposition the same information. [#74] at 5.  GWU seeks to quash that subpoena and a protective order against having to produce these documents.

First, as to the subpoena, the documents at issue were created either by the LCME or GWU and belong to them.  They certainly do not belong to Dr. Akman who is employed by GWU.  A subpoena served upon an employee of an organization cannot require that employee to remove his employer's property, such as the documents in its files, and produce it at a deposition. Ghawanmeh v. Islamic Saudi Academy, 274 F.R.D. 329, 332-333 (D.D.C. 2011).  The only proper means to secure the documents is by serving the subpoena upon the employing organization itself, which plaintiff has done. Id.  Thus, the motion to quash the subpoena will be granted.

Second, as to the documents, there is absolutely no showing whatsoever that would permit anyone to infer that the probation[2] was imposed because of GWU's discriminating against its employees or students on the basis of race or national origin.  The documents therefore fail to meet the most fundamental requirement of discovery, that the information sought is relevant or likely to lead to relevant information. Fed. R. Civ. P. 26(b)(1).  Instead, as I read plaintiff's papers, he seems to believe that he is on a mission to explore how GWU conducts all of its operations.  He does not have that right and his attempt to do so is improper.

---

[2] Plaintiff himself states that "[LCME] placed GW School of Medicine under probation on or about October 15, 2008 for 'reasons seriously compromising the quality of its educational program.'" Plaintiff's Reply to GW's Consolidated Motion, Motion to Compel Discovery, Motion for Protective Order, and Motion for Sanctions Against the George Washington University [#79] at 2.  LCME did not accept plaintiff's third party complaint for investigation until March, 2009. Id. at 11.

With regards to GWU's motion to compel plaintiff to sit for an additional one and one half hours and for sanctions for leaving his deposition early, I shall grant the motion to compel as discussed above, and sanctions shall be discussed *infra*.

4.   Plaintiff's Notice and Request for Sanctions [#75]

Pursuant to Judge Kollar-Kotelly's Order expert disclosures were "due on or before March 23, 2012." Order [#46] at 5.  Plaintiff demands sanctions because GWU, although it mailed its report to plaintiff on March 23, 2012, did not file the report with the Court by using its CM/ECF electronic filing system.  But, discovery materials are not filed with the Court and GWU's mailing the report to plaintiff on the day it was due complied with the judge's order.  See Local Rule of Civil Procedure 52(a).  There is no basis for the sanctions plaintiff seeks and the request will be denied.

5.   Plaintiff's Reply to GW's Consolidated Motion, Motion to Compel Discovery, Motion for Protective Order, and Motion for Sanctions Against the George Washington University [#79]

In response to GWU's motion for a protective order and to quash the subpoena as to the LCME records, plaintiff filed a motion to compel GWU to produce those selfsame documents and to compel Dr. Akman to testify as to the documents.  For the same reasons as stated above, these motions will be denied.

Additionally, plaintiff moved this court to compel GWU to fully respond to his document requests before they were ripe yet has made no further showing as to their sufficiency or lack thereof. That motion will also be denied.

Plaintiff also moves for a protective order prohibiting GWU from obtaining his education records, including transcripts, letters of evaluation and letters of recommendation, and to quash

GWU's subpoena to Avalon University School of Medicine, where he completed his medical degree. [#79] at 1-2.  However, plaintiff fails to articulate any reason why the subpoena should be quashed pursuant to Federal Rule of Civil Procedure 45(b)(3).  In order to sustain a motion to quash a subpoena, plaintiff must show that one of the articulated circumstances under Rule 45(b)(3) exists, and plaintiff cannot do so here.  Additionally, GWU's subpoena to Avalon University School of Medicine was issued by the United States District Court for the Northern District of Ohio.  A motion to quash it can only be brought in that court.  See Fed. R. Civ. P. 45 (c)(3).  As such, plaintiff's motion for a protective order and to quash the subpoena will be denied.

6.  <u>The George Washington University's Motion to Hold Dr. Parveh I. Shah in Contempt for Failing to Produce Documents Responsive to Subpoena Duces Tecum</u> [#82]

Following plaintiff's dismissal from GWU, plaintiff performed an independent clerkship in urology with Dr. Parvez I Shah.  GWU issued a subpoena to Dr. Shah demanding that he produce documents pertaining to plaintiff's performance. [#82] at 1.  According to GWU, Dr. Shah has two documents that pertain to the subpoena but during his deposition the doctor refused to produce them because he did not know whether he was obliged to produce them.  <u>Id.</u> at 2. While I will not hold Dr. Shah in contempt, I will advise him by this Memorandum Opinion that he is obliged to produce the documents.  I will charge GWU's counsel with the obligation to make Dr. Shah aware of this Memorandum Opinion and inform him that I expect him to comply with the subpoena and provide GWU's counsel with the documents.

7.  <u>The George Washington University's Motion to Compel Plaintiff to Search for and Produce Responsive Documents and to Execute Stipulation Waiving Initial Disclosure Requirement</u> [#83/88]

According to GWU, plaintiff has had six prior attorneys but never asked them if they had any documents that fell within GWU's Request to Produce Documents even though he conceded during his deposition that they might have documents that were responsive to that Request. [#83/88] at 1.  According to GWU, plaintiff did not provide a reason for not doing so.  As GWU correctly points out, Federal Rule of Civil Procedure 26(g) requires a party to make a reasonable effort to search for and produce documents responsive to a Request to Produce Documents. Id. Plaintiff shall make a prompt and diligent effort to ascertain what documents his former lawyers have, secure them and make available to GWU the ones that fall within the Request to Produce Documents.

At a status hearing held on January 6, 2012, Judge Kollar-Kotelly ordered the parties to file a stipulation waiving initial disclosures. [#83-2] at 3.  Plaintiff has not done so.  He shall do so forthwith.

8. <u>Plaintiff's Consolidated Motion for Sanctions Pertaining to Rule 26(a) Disclosures, Motion for Sanctions for Violation of Discovery Order, Motion to Compel GW to Answer Plaintiff's Deposition Questions Pertaining to LCME, and Motion to Hold GW In Contempt of Court for Failure to Produce Dr. Reza Askari for Deposition and Opposition Against GW's Reply to Plaintiff's Request for Sanctions Against the George Washington University</u> [#85]

Plaintiff objects to the manner in which counsel for GWU objected to plaintiff's questions during his deposition of Dr. Stephen J. Trachtenberg, the former president of GWU.  I have examined the portions of the transcript to which plaintiff draws my attention and I find that the objections were legitimate.  Plaintiff's pugnacious, "when did you stop beating your wife" questions were certainly objectionable.

Plaintiff also objects in a footnote to GWU's counsel's demand that plaintiff show Dr.

Carol Sigelman regulations about which plaintiff was making inquiry.  Plaintiff then accuses Dr. Sigelman of interpreting or pontificating on them rather than answering his questions. He accuses her of failing to demonstrate an understanding of the regulations "each and every time." [#85] at 15 n.5.  He also claims that GWU's counsel made baseless claims of privilege. Plaintiff, however, does not provide the portions of the transcript where any of this is supposed to have occurred.  Unless and until he does, there is nothing before the Court upon which it can rule.

Plaintiff criticizes GWU for failing to produce Dr. Reza Askari.  But, GWU does not employ Dr. Askari and he lives in Boston. <u>The George Washington University's Opposition to Plaintiff's Consolidated Motion for Sanctions Pertaining to Rule 26(a) Disclosures, Motion for Sanctions for Violation of Discovery Order, Motion to Compel GW to Answer Plaintiff's Deposition Questions Pertaining to LCME, and Motion to Hold GW In Contempt of Court for Failure to Produce Dr. Reza Askari for Deposition and Opposition Against GW's Reply to Plaintiff's Request for Sanctions Against the George Washington University</u> [#91] at 9.  Since Boston is more than 100 miles from the courthouse, the subpoena could not compel his attendance. Fed. R. Civ. P. 45(c)(3)(A)(ii).

Finally, plaintiff claims that GWU never paid the fee for plaintiff's expert to testify at his deposition. [#85] at 7.  However, GWU states that it paid the expert, Shbbir Moosvi, two days after his deposition was taken. [#91] at 4.

As such, plaintiff's motion will be denied.

9. <u>Plaintiff's Motion to Compel Answers to Written Discovery Against the George Washington University</u> [#87]

Plaintiff takes exception to the manner in which GWU responded to certain

Interrogatories and Requests for Admission.

First, I have reviewed the interrogatories and answers and have found the answers to be perfectly legitimate. Again, question after question is argumentative and of the "when did you stop beating your wife" variety. Moreover, plaintiff is not really arguing with the answer provided but is disagreeing with the truthfulness of the response. That is not a basis for an objection.

I have also reviewed GWU's responses to the Requests for Admission and again find them perfectly legitimate. Moreover, plaintiff does not seem to understand that GWU is perfectly within its rights to deny what plaintiff insists it admits. His effort to have GWU sanctioned because it refuses to admit what he demands it admit is an irrational misuse of this discovery device.

Accordingly, plaintiff's motion will be denied.

10.  Sanctions and Fees

Defendant has prevailed on all of its motions whereas plaintiff has failed on each of his. Plaintiff will now be directed to show cause in writing why he should not be held liable for any fees defendant incurred litigating these motions.

## CONCLUSION

An Order accompanying this Memorandum Opinion will lay out the disposition of each respective motion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE