**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MOHAMMAD JAVAD HAJJAR-NEJAD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 10-626 (CKK/JMF)** |
| | : | |
| **THE GEORGE WASHINGTON** | : | |
| **UNIVERSITY,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**MEMORANDUM OPINION**

This case was referred to me by Judge Kollar-Kotelly for resolution of all discovery

disputes.  Ready for my resolution is The George Washington University's Petition for Fees and

Costs Incurred by Preparing for and Attending Hajjar-Nejad's November 8, 2012 Deposition,

and the Filing of Documents [#74] and [#135] [#149].

On May 9, 2012, I issued an Order ruling on various discovery-related issues, but

deferred ruling on The George Washington University ("GWU")'s requests for sanctions against

plaintiff for various discovery-related rules violations. Order [#97].  I ordered plaintiff to show

cause why he should not be required to pay fees and costs incurred as a result of his refusal to

attend his original deposition and his early departure from the deposition once it was

rescheduled. Id.  Plaintiff failed to respond to the show cause order, presumably because

objections were raised by both parties on a number of issues, and Judge Kollar-Kotelly did not

have a chance to address those objections before the show cause date passed.  Accordingly, I

excused plaintiff's failure to respond to the show cause order by the original deadline, and re-

issued that order with a new deadline. Minute Order of November 26, 2012.  Plaintiff responded

on December 14, 2012, <u>Plaintiff's Response to the Show Cause Order</u> [#133], and GWU filed its

opposition on December 28, 2012, <u>The George Washington University's Response to Hajjar-</u>

<u>Nejad's Response to Show Cause Order</u> [#135].

On January 16, 2013, I ruled that GWU could recover fees and costs incurred as a result

of plaintiff's leaving his deposition early, but not for his failure to attend his original deposition.

<u>Order</u> [#144].  More specifically, I held that GWU could recover reasonable attorneys' fees for:

1) time spent preparing for and attending the rescheduled 1.5 hours of deposition; and 2) the two

motions[1] filed as a result of plaintiff's conduct. <u>Id.</u>

On May 3, 2012, I issued an <u>Order</u> clarifying my earlier holding and noting that GWU

could recover fees only for those portions of the two motions that dealt specifically with

plaintiff's leaving his deposition 1.5 hours early. <u>Order</u> [#160] at 4.  In doing so, I noted that "it

would be unjust to require a *pro se* plaintiff to pay the attorneys' fees associated with the

production of two lengthy, consolidated findings where I ruled in defendant's favor on only one

of the issues addressed in those filings." <u>Id.</u>  I then ordered GWU to submit a supplemental

briefing, including supporting documentation, showing how much time was spent on the relevant

sections of the two motions. <u>Id.</u> at 4-5.

GWU submitted the requested supplemental briefing on May 15, 2013. <u>The George</u>

<u>Washington University's Supplemental Brief in Support of Its Petition for Fees and Costs</u>

<u>Incurred by Preparing for and Attending Hajjar-Nejad's November 8, 2012 Deposition, and the</u>

---

[1] The two motions are:  1) <u>The George Washington University's Consolidated Motion for a</u>
<u>Protective Order and to Quash Plaintiff's Subpoena *Duces Tecum* to Jeffrey Akman, M.D., to</u>
<u>Compel Plaintiff to Provide Further Deposition Testimony, Sanctioning Plaintiff for Leaving His</u>
<u>Deposition Before it was Over and Opposition to Plaintiff's Request for Relief Notice</u> [#74] and
2) <u>The George Washington University's Response to Hajjar-Nejad's Response to Show Cause</u>
<u>Order</u> [#135].

Filing of Documents [#74] and [#135] [#164].  I am now prepared to issue my ruling on the amount of fees GWU may recover.

## LEGAL STANDARD

In reviewing a party's fee petition, "the Court must determine:  (1) the reasonableness of the hourly rate charged; and (2) the reasonableness of the hours expended on the litigation." Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995); Woodland v. Viacom, Inc., 255 F.R.D. 278, 280 (D.D.C. 2008).  Regarding the first element, in this Circuit, "an attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" Kattan ex rel. Kattan v. District of Columbia, 995 F.2d 273, 278 (D.C. Cir. 1993) (internal quotations and citations omitted); Woodland, 255 F.R.D. at 280-81.  As for the second element, "the fee petitioner must submit evidence to the court that supports the hours worked" and "the application must be sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." Woodland, 255 F.R.D. at 281-82; see also Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982).

## ANALYSIS

Based on my ruling that GWU could recover fees only for those portions of its motions devoted to plaintiff's leaving his deposition early, GWU reduced the total fee award it seeks from $12,812.90 to $8,340.08.  Compare [#149] at 2 with [#164] at 1.  I must now decide whether the rate and hours billed are reasonable.

I.    **The Reasonableness of the Hourly Rate Charged**

GWU seeks reimbursement only at the discounted rate it paid its attorneys at Arent Fox.

See [#164] at 2.  Arent Fox billed GWU at the following rates:

| Month and Year | Task | Attorney | Discounted Hourly Rate |
|---|---|---|---|
| March 2012 | [#74] | Toof | $404.00 |
| | | Heilman | $264.00 |
| November 2012 | Resumed Deposition | Morris | $469.00 |
| | | Toof | $378.75 |
| December 2012 | [#135] | Morris | $469.00 |
| | | Toof | $378.75 |

[#164] at 2.

These rates are well below the guideline hourly billing rates for Morris, Toof, and

Heilman. Id. ("guideline hourly billing rates in 2012 were $670.00, $505.00, and $330.00,

respectively").  Mr. Morris is a partner at Arent Fox with "nearly 30 years' experience." [#149-1]

at 2.  Mr. Toof is a "senior associate with 10 years' civil and criminal litigation experience." Id.

Ms. Heilman is a "junior associate" who had about a year of litigation experience prior to

working on this case. Id. at 2-3.  I therefore conclude that the discounted rates listed above are

reasonable and commensurate with the experience of the attorneys working on this case.

Moreover, Mr. Morris declared under penalty of perjury that the above-listed discounted

rates were the rates charged to and paid by GWU. [#164-1] at 1.  Plaintiff has not pointed to any

evidence to suggest that Morris' statement was untruthful.  I must therefore conclude that the

plaintiff has not rebutted the presumption that the rates claimed by Arent Fox and charged to its

client were reasonable.  See Woodland, 255 F.R.D. at 281.

4

II.     **The Reasonableness of the Hours Claimed**

Now that I have determined that the rates charged by Arent Fox were reasonable, I will turn to determining whether the number of hours charged for each task was reasonable.

A.     **The Resumed Deposition**

GWU claims that Morris spent "at least 7.3 hours preparing for and attending Hajjar-Nejad's November 8, 2012 deposition." [#164] at 2.  Arent Fox billed GWU $3,423.70 for this work ($469.00/hr x 7.3 hrs = $3423.70).  Id.  GWU also claims that it paid $707.00 to obtain an original and one copy of the transcript of the November 8, 2012 deposition.  Id.  GWU therefore seeks $4,130.70 in fees for preparing for and attending the resumed deposition.  Id. at 3.

Plaintiff objects to this amount, asserting that the attorneys at Arent Fox "underwent *no* additional preparation time" for the resumed deposition, because "GW re-used, recycled, and rehashed identical questions and points in the resumed deposition" and "no new ground or material was covered." [#165] at 3-4 (emphasis in original).  As pointed out by GWU, however, the "resumed deposition occurred approximately *eight months* after [Hajjar-Nejad's] initial deposition," thus requiring additional preparation time. The George Washington University's Reply to Plaintiff's Objections and Opposition to Defendant's Supplemental Briefing [#166] at 2 (emphasis in original).  The resumed deposition itself took 1.5 hours.  This means that GWU's attorneys spent approximately 5.8 hours re-reading the transcript from the initial deposition, discussing the topics that needed to be covered or re-visited, and preparing exhibits or notes for the deposition.  It seems imminently reasonable to me that such work would take 5.8 hours, or a little less than one full day of work.

GWU submitted sufficient evidence to supports its claim that 7.3 hours were spent on this task.  The timesheets for Mr. Morris, submitted with GWU's supplemental briefing, clearly show

that he spent 4.4 hours on November 5, 2012, and 2.9 hours on November 8, 2012, preparing for or conducting the resumed deposition.[2]  See [#164-2] at 3.  Accordingly, I find that the hours claimed for time spent preparing for and attending plaintiff's resumed deposition are reasonable, and GWU is entitled to recover $4,130.70 in connection with those tasks.

### B.     The Preparation of [#74] and [#135]

In its supplemental brief, GWU claims the following hours in connection with [#74] and [#135]:

| Task | Attorney | Hours Spent | Rate per Hour | Total Fee Requested |
|------|----------|-------------|---------------|---------------------|
| [#74] | Toof | 2.3 | $404.00 | $929.20 |
|  | Heilman | 5.7 | $264.00 | $1,504.80 |
| [#135] | Morris | 8.8 | $469.00 | $4,127.20 |
|  | Toof | 5.6 | $378.75 | $2,121.00 |

As an initial matter, I believe the amount of hours claimed by each attorney for each filing is reasonable.  The entire filing at [#74] consists of 12 pages.  One attorney, a senior associate, spent just over two hours on this filing, while another attorney, a junior associate, spent 5.7 hours.  In my opinion and based on my experience as a Magistrate Judge reviewing similar fee petitions, this is not an unreasonable amount of time to spend on a 12-page filing.  Similarly, the entire filing at [#135] consisted of 8.8 hours from a partner and 5.6 hours from a

---

[2] For reasons I cannot quite understand, plaintiff argues that this submission was "not an itemized breakdown or time sheet." [#165] at 5.  But that is precisely what it is.  GWU redacted items from Mr. Morris' timesheets that dealt with other matters, and submitted for my review only those timesheet entries that were relevant to this case.  The fact that irrelevant lines were redacted from the timesheet does not render the relevant lines insufficiently detailed for me to make a determination about the reasonableness of the hours claimed.

senior associate.  This is less than two days of total work on a 16-page filing.  Again, based on my experience, the overall amount of hours charged for this filing is reasonable.

In my most recent <u>Order</u>, however, I noted that GWU could only recover fees for the portions of [#74] and [#135] that addressed the conduct I found to be worthy of sanctions—plaintiff's early departure from his original deposition. [#160] at 4.  Accordingly, I ordered GWU to submit documentation showing how its attorneys' time working on [#74] and [#135] was broken down by topic. <u>Id.</u>  GWU responded that, although Arent Fox attorneys "regularly record their total time spent working on a brief," they do not "apportion[] the time that they spend on specific sections." [#164] at 3.  Because there is no precise breakdown of the attorneys' work, to determine the recoverable amount for each motion, GWU suggests taking the total cost incurred for each brief and "multiplying . . . by a fraction, with the denominator equal to the brief's [total] page length and the numerator equal to the page length of the relevant sections." [#164] at 3.

Plaintiff objects to this approach, asserting that it amounts to "fuzzy math" and a "game of fractions." <u>Plaintiff's Objections and Opposition to Defendant's Supplemental Briefing</u> [#165] at 10, 16.  However, in the absence of any detailed breakdown on the timesheets (which, I note, is perfectly acceptable and in line with Arent Fox's normal timekeeping practices), GWU's proposal is the most reasonable way to determine the appropriate amount of fees to award.

Even though I agree with GWU's approach, I do not adopt its mathematical analysis wholesale.  Indeed, I believe that the relevant portions of the filings encompass fewer pages per filing than GWU suggests.  I will now, therefore, turn to considering the fraction by which the total fees incurred for [#74] and [#135] should be multiplied.

### 1.  The Relevant Sections of [#74]

The brief in support of GWU's consolidated motion docketed at [#74-1] is 12 pages long and addresses the following arguments:  1) that the Court should preclude plaintiff from obtaining certain materials; 2) that the Court should quash the subpoena *duces tecum* issued by plaintiff to Jeffrey Akman, M.D.; and 3) that the Court should compel plaintiff to provide further deposition testimony because plaintiff left his deposition 1.5 hours early.  See generally The George Washington University's Memorandum in Support of its Consolidated Motion for a Protective Order and to Quash the Subpoena *Duces Tecum* that Plaintiff Served on Jeffrey Akman, M.D., to Compel Plaintiff to Provide Further Deposition Testimony, Sanctioning Plaintiff for Leaving His Deposition Before It Was Over, and in Opposition to Plaintiff's Request for Relief Notice [#74-1].

Only the final argument is relevant to the instant motion for fees, and this argument takes up approximately one page out of 12. Id. at 10-11.  Although the motion itself and the accompanying proposed order (required under this Court's local rules) also contain references to this argument, the drafting of those two documents likely took very little additional time, and did not involve drafting any new substantive arguments.  Those documents are essentially resuscitations of the arguments already set forth in the memorandum.

The full submission of [#74], including the motion, brief in support, and proposed order, totals 16 pages.  Only one page out of those 16 was dedicated exclusively to the issue for which I held sanctions to be appropriate.  I will therefore use the multiplier method suggested by GWU and take the total amount of fees billed to GWU for the filing of [#74], $2,434.00, and multiply that by the fraction of the filing dedicated to the relevant issue, 1/16.  This results in a total fee

award of $152.13 for the preparation of GWU's consolidated motion [#74] ($2,434.00 x 1/16 = $152.125).

### 2.   The Relevant Sections of [#135]

As noted with regard to [#74], on May 3, 2013, I clarified the January ruling, noting that GWU could recover fees and costs for time spent working on the portion of [#135] that addressed plaintiff's leaving his deposition 1.5 hours early. [#160] at 4.

GWU's opposition brief to plaintiff's response to the show cause order is 10 pages long. [#135].  The indisputably relevant portions of this brief consist of:  1) one line on page 1; and 2) roughly three paragraphs spanning pages 6-7. Id. at 1, 6-7.  GWU argues that [#135] "contains other references to Hajjar-Nejad's unilateral departure from his first actual deposition session" and that the legal standard section was "drafted in part" to cover the relevant conduct. [#164] at 4.  GWU also argues that Exhibit B, a five-page excerpt from plaintiff's deposition transcript, was prepared to support their argument.  The total submission docketed at [#135] is 16 pages, including the signature page and Exhibit B (but not Exhibit A), and GWU asserts that "approximately ten of the sixteen pages consist of the relevant sections." Id. at 5.  Accordingly, GWU requests that I multiply the total fees incurred by 10/16. Id.

I disagree.  It is clear that at least one page of the 16-page submission was dedicated wholly to the relevant conduct.  The other sections, however, were drafted with the entire motion in mind.  Given that I ruled in favor of GWU on only one of the four issues addressed, it would be unjust to require a *pro se* plaintiff to pay all the fees incurred with drafting a legal argument section that applied to the entire motion, and not just the sanctioned conduct.  Although I know this means that GWU will not recover for the vast majority of its attorneys' work on the motion, I believe that it is proper to order plaintiff to pay only for those sections clearly devoted to his

sanctioned conduct.  Accordingly, I will use the following formula:  $6,248.20 in total fees billed

for [#135] x 1/16 (the amount of that filing exclusively dedicated to the relevant conduct).  This

results in a total fee award of $390.51 ($6,248.20 x 1/16 = $390.5125).

## CONCLUSION

In accordance with the principles described herein, I will award GWU:  1) $4,130.70 in

connection with preparing for and attending the remaining 1.5 hours of plaintiff's deposition; 2)

$152.13 for the preparation of the relevant portions of GWU's consolidated motion at [#74]; and

3) $390.51 for the preparation of the relevant portions of GWU's opposition to plaintiff's

response to my order to show cause at [#135].  This results in a total fee award of $4,673.34.

Although this is less than the amount requested by GWU in its supplemental briefing, and

substantially less than the amount originally requested in its motion for fees, I believe it

represents the closest approximation of the time that Arent Fox attorneys spent addressing

plaintiff's violation of the discovery rules.

An Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE